**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | CR-05-225-PHX-RGS |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Ruben Franco-Plaza ) a.k.a. Ruben Plaza-Uzeta, ) |  |
| Defendant. ) |  |

Pending before the Court is Defendant Ruben Plaza-Uzeta's motion for a new trial (Doc. #120). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

On October 19, 2006, after a jury trial, Defendant was found guilty of: Count 1 - Conspiracy to Commit Hostage Taking; Count 2 - Hostage Taking and Aid and Abet; Count 3 - Conspiracy to Harbor Illegal Aliens; Count 4 - Harboring Illegal Aliens; and Count 5 - Possession or Use of a Firearm during or in relation to a crime of violence, to wit, hostage taking.

On November 8, 2006, Defendant filed a "Motion to ask for a New Trial" alleging that his attorney was ineffective for failing to call a witness to testify on his behalf. In support of his motion, Defendant has filed an affidavit and a response to an interrogatory claiming that he has newly discovered evidence, which contradicts the government's witnesses.

1  Although Defendant attempts to characterize the information contained in his pleadings as newly discovered evidence, Defendant has demonstrated that these facts were known before and during trial. In his motion, Defendant states, "[t]his defendant did not presented [sic] the said documentation at trial because when the defendant asked to his attorney that if it was possible to present witnesses, or exhibits ... she said 'no' ... . This defendant asked to his attorney to called the following persons as witnesses, for the defense ... there is a strong possibility that their testimony woulded [sic] also contradic [sic] the testimony of the Government's witnesses, as Fabian's testimony do so." As such, Defendant's motion for a new trial is based on ineffective assistance of counsel rather than newly discovered evidence.

Rule 33 of the Federal Rules of Criminal Procedure allows the court to grant a new trial if "the interest of justice so requires." Fed. R. Crim. P. 33(a). In addition, the motion must be timely. If the defendant's motion is based on newly discovered evidence then the defendant has three years after the verdict to file his motion for a new trial. See Fed. R. Crim. P. 33(b)(1). If the motion for a new trial is based on any other reason then such motion "must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

Since Defendant's motion is not grounded on newly discovered evidence, his motion is untimely. Defendant was found guilty on October 19, 2006, and his motion is dated November 2, 2006 and was filed on November 8, 2006.

Further, Defendant's ineffective assistance of counsel claim is more appropriately reserved for a collateral action pursuant to 28 U.S.C. § 2255. Section 2255 is normally the appropriate means to raise claims of ineffectiveness of counsel, as facts outside the record but necessary to the disposition of the claim, may be fully developed. See, e.g., United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir. 1991) (deferring an ineffective assistance of counsel claim to collateral review where the record "contains little more than generalized assertions of incompetency" and defense counsel "has had no opportunity to explain his actions").

1   Based on the foregoing,

2   **IT IS ORDERED** denying Defendant's motion for a new trial (Doc. #120);

3   **IT IS FURTHER ORDERED** granting Defendant's "Motion to Consolidate Affidavit of Defendant's Witness with Defendant's Reply" (Doc. #168); the Court will incorporate the documents filed in connection with Defendant's Motion to Consolidate with his reply.

DATED this 5th day of March, 2007.

_____
Roger G. Strand
Senior United States District Judge